**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 2, 2015

Yahya Y. Ansarullah
1002 West Mosher Street
Apartment A Rear
Baltimore, Maryland 21217

Stacey Winakur Harris
Social Security Administration
6401 Security Boulevard, Room 617
Baltimore, Maryland 21235

     RE:    *Yahya Y. Ansarullah v. Commissioner, Social Security Administration*;
           Civil No. SAG-15-0919

Dear Counsel and Mr. Ansarullah:

     I have considered the Commissioner's Motion to Dismiss for lack of subject matter jurisdiction. [ECF No. 12]. I find that no hearing is necessary. *See* Local R. 105.6 (D. Md. 2014). For the reasons set forth below, I recommend that the Commissioner's Motion be granted.

     On March 30, 2015, Plaintiff Yahya Y. Ansarullah, who appears *pro se*, filed a complaint appealing a decision by the Commissioner of the Social Security Administration. On June 5, 2015, the Commissioner filed the instant Motion to Dismiss for lack of subject matter jurisdiction. [ECF No. 12]. That same day, the Clerk's Office mailed a Rule 12/56 letter to Mr. Ansarullah. [ECF No. 13]. That letter advised Mr. Ansarullah that a failure to oppose the Commissioner's motion could result in dismissal of his case. *Id.* Mr. Ansarullah has not filed any response.

     This Court does not have jurisdiction over Mr. Ansarullah's claim because, to date, he has failed to exhaust his administrative remedies and is not appealing from a final order. Under Social Security Act sections 205(g) and (h), an individual may only obtain judicial review of the Commissioner's "final" decision after he has exhausted all administrative remedies. *See* 42 U.S.C. § 405(g)-(h). Because there is no formula for determining whether a decision is final, the meaning of that term is left to federal and state agencies to define by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Section 405(g) of the Social Security Act provides that "any individual, after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . ." 42 U.S.C. § 405(g).

*Yahya Y. Ansarullah v. Commissioner, Social Security Administration*
Civil No. SAG-15-0919
July 2, 2015
Page 2

In this case, Mr. Ansarullah has not established the existence of any final decision of the Commissioner which would entitle him to appeal. In his complaint, he alleges that the date of the final decision is August 11, 2009.[1] The record before this Court does not reflect any decision made by the Commissioner on that date, pertaining to Mr. Ansarullah's claim for benefits. Benefits were awarded to Mr. Ansarullah on August 29, 2008, Def. Mot. Ex. 1, and the decision to modify the payments to withhold for overpayment was communicated to Mr. Ansarullah in 2014. Def. Mot. Ex. 2. Mr. Ansarullah requested reconsideration of the overpayment issue in October, 2014. Def. Mot. Ex. 3. As of March 27, 2015, three days before Mr. Ansarullah filed the instant Complaint, his appeal remained pending before the agency. Def. Mot. Ex. 4.

Under regulations promulgated by the Social Security Administration, a "final decision" is ripe for judicial review only after four steps have occurred: (1) an initial determination; (2) reconsideration of that determination; (3) a hearing before an administrative law judge; and (4) review by the Appeals Council. *See* 20 C.F.R. §§ 404.900(a)(1)-(5), 416.1400(a)(1)-(5). Because Mr. Ansarullah has not completed those four steps with respect to his appeal, this Court lacks subject matter jurisdiction to adjudicate his claim.

For the reasons set forth herein, Defendant's Motion to Dismiss [ECF No. 12] is GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[1] I note that, in the section of the complaint where the Claimant is supposed to identify the caption of the case being appealed, it appears that Mr. Ansarullah wrote "Martinez v. Astrue." [ECF No. 1]. Although the handwritten name "Martinez" is somewhat illegible, it certainly does not appear that the word is "Ansarullah." To the extent, then, that Mr. Ansarullah seeks to appeal a decision for a wage earner other than himself, he needs to identify that wage earner by first and last name in his Complaint, and needs to identify his relationship with that wage earner so as to establish his standing to sue.